UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PATRICK GUILLORY,

      Plaintiff,

  -against-          9:12-CV-0280 (LEK/RFT)

ROBERT WEBER, *et al.*,

      Defendants.

## ORDER

  This matter comes before the Court following a Report-Recommendation filed on March 6, 2015, by the Honorable Randolph F. Treece, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 152 ("Report-Recommendation"). Plaintiff Patrick Guillory ("Plaintiff") timely filed Objections. Dkt. Nos. 153 ("Objections"); 154 ("Supplemental Objections").

  Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's

proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

Plaintiff first argues that Judge Treece "totally ignored" Defendant Robert Weber's ("Weber") admission in an interrogatory that "he treated [Plaintiff] unequally." Objs. ¶ 2. Indeed, Weber's Interrogatory Response does indicate that he has treated Jews differently. Dkt. No. 147-1, Ex. L at 5 ¶ 20 ("[Q:] Are you in the habit of giving Muslim Offenders special treatment by allowing them to attend their services and denying the same access to religious services to the Jews (Plaintiff) as the Coordinating Chaplain. Response: Yes."); but see Dkt. No. 140-9 ("Weber Declaration") ¶ 17 ("I treat all inmates the same, regardless of their religious affiliations. I do not treat inmates who are of Jewish faith any differently than inmates of other faiths, including Muslims, Catholics, or Protestants.").

The Court of course condemns any discrimination against Jews on account of their religion. However, even viewing the facts in the light most favorable to Plaintiff as the non-movant, Weber's lone Interrogatory Response fails to create a triable issue of fact with respect to Plaintiff's equal protection claim. Specifically, other than Weber's general, yet deplorable, statement, Plaintiff has not provided any facts demonstrating that Jewish inmates were treated differently than other religious groups with respect to the activities alleged in the Complaint—religious services on July 11 and access to the Activities Building during mealtime. See Dkt. No. 1. Therefore, the Court finds no basis to reject Judge Treece's conclusion with respect to Plaintiff's equal protection claim.

Plaintiff's remaining Objections are either conclusory or irrelevant. See generally Objs.; Supp. Objs. Accordingly, the Court has reviewed the remainder of the Report-Recommendation for

clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 152) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 140) for summary judgment is **GRANTED** and this case is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED: March 27, 2015
Albany, New York

Lawrence E. Kahn
U.S. District Judge